UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BATIESTE GREENE, JR., <br><br> Plaintiff, <br><br> v. <br><br> FAY SERVICING, LLC, et al., <br><br> Defendants. | Case No. 19-cv-01073-JSC <br><br> **ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. No. 23 |

Plaintiff John Batieste Greene, Jr. sued Fay Servicing, LLC ("Fay Servicing"), U.S. Bank, National Association ("U.S. Bank"), and Affinia Default Services, LLC ("Affinia") (collectively, "Defendants") in the Superior Court of the State of California for the County of Contra Costa, alleging violations of California law arising out of foreclosure proceedings.[1] (Dkt. No. 1-1, Ex. A.)[2] Defendants timely removed the action to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), and alternatively, diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(b). (Dkt. No. 1.) Now pending before the Court is Plaintiff's ex parte application for a temporary restraining order seeking to stop the foreclosure sale scheduled for March 28, 2019. After careful consideration of the parties' briefing, and having had the benefit of oral argument on March 28, 2019, the Court DENIES Plaintiff's application.

**BACKGROUND**

**I.     Complaint Allegations and Judicially Noticeable Facts**

The following background is taken from Plaintiff's complaint in the instant action and

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5, 10, 12.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

facts in the related action, also before this Court: *Greene v. Wells Fargo Bank, N.A.*, et al., 18-cv-06689-JSC. The gravamen of Plaintiff's complaint is that Defendants have improperly proceeded with foreclosure proceedings despite Plaintiff's submission of a loan modification application. Plaintiff has at all relevant times owned and resided at the subject property located at 1795 Meadows Avenue, Pittsburg, CA 94565. (Dkt. No. 1-1 at ¶ 11.) In November 2005, Plaintiff obtained a loan of $599,000 from World Savings Bank, secured by a deed of trust. *Greene*, 2018 WL 6832092, at *1. The loan was assigned to Wells Fargo in 2009 following a corporate merger. *Id.*

On September 23, 2013, the trustee recorded a Notice of Default against the subject property. *Id.* Plaintiff filed for bankruptcy thereafter and entered into a Chapter 13 Plan. *Id.* Plaintiff was unable to make payments under the Plan, and on August 1, 2018, the bankruptcy court granted Wells Fargo relief from automatic stay following Plaintiff's default. *Id.*

On September 20, 2018, Wells Fargo recorded a Notice of Trustee's Sale, indicating that Plaintiff was in default under the Deed and a public auction would take place on October 22, 2018. *Id.* Wells Fargo subsequently postponed the trustee's sale until January 10, 2019.[3] *Id.* "Thereafter, Defendant U.S. Bank acquired the beneficial interest in the loan while Defendant Fay Servicing" became the servicer. (Dkt. No. 1-1 at ¶ 12.) Defendant Affinia remains the trustee. (*Id.*)

In December 2018, "Plaintiff submitted a complete loan modification" application to Fay Servicing. (*Id.* at ¶ 15.) Fay Servicing acknowledged receipt of Plaintiff's "complete" application by letter dated December 28, 2018. (*Id.* at ¶ 16.) The letter informed Plaintiff that Fay Servicing could not "conduct a foreclosure sale before evaluating" his complete application. (*Id.* at ¶ 17.) The complaint asserts that "Defendants have not issued a written determination of Plaintiff's complete loan modification application," and impermissibly scheduled a foreclosure sale despite

---

[3] After becoming the servicer, Fay Servicing "instructed its trustee to postpone the sale while it was reviewing Plaintiff's loan modification application." (Dkt. No. 29-12 at ¶ 14.) The sale was then postponed from January 10, 2019 until February 11, 2019 "per lender/servicer request" and then again until February 25, 2019 "per lender/servicer request." (*Id.*) The sale was then postponed further and is currently scheduled for March 28, 2019.

2

failing to provide such written determination. (*Id.* at ¶¶ 36-38.)

## II. Procedural History

Plaintiff filed his complaint in state court on January 24, 2019 seeking damages and injunctive relief for alleged violations of the California Homeowner Bill of Rights ("HBOR"), California Civil Code § 2924.11, the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), California Civil Code § 1788, and the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. (Dkt. No. 1-1.) Plaintiff then filed an ex parte application for a temporary restraining order on February 22, 2019, seeking to stop the foreclosure sale of the subject property scheduled for February 25, 2019. (Dkt. No. 25-2, Ex. B.) The state court granted Plaintiff's application by adopting his proposed order and set a hearing on Plaintiff's request for a preliminary injunction for March 27, 2019. (Dkt. No. 25-3, Ex. C.) Defendants removed the action to federal court on February 27, 2019. (Dkt. No. 1.)

Thereafter, on referral from Magistrate Judge Laurel Beeler, (Dkt. No. 20), this Court issued an order relating the case to *Greene v. Wells Fargo Bank, N.A.*, et al., 18-cv-06689-JSC, (Dkt. No. 21), and the case was reassigned to the undersigned on March 27, 2019. Defendants' motion to dismiss, (Dkt. No. 7), and Plaintiff's motion to remand, (Dkt. No. 11), are currently pending. Plaintiff filed the instant TRO application on March 26, 2019. (Dkt. No. 23.) Defendants Fay Servicing and U.S. Bank oppose the application. (Dkt. No. 29.)

## REQUEST FOR JUDICIAL NOTICE

Pursuant to the Federal Rules of Evidence, courts may judicially notice an adjudicative fact if it is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

In opposition to Plaintiff's TRO application, Defendants request judicial notice of ten exhibits: (1) "Deed of Trust dated November 23, 2005 and recorded on December 1, 2005 in the Contra Costa County Recorder's Office"; (2) "Assignment of Deed of Trust from Wells Fargo Bank to U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust dated November 28, 2018 and recorded on November 28, 2018 in the Contra Costa County

1  Recorder's Office"; (3) "Notice of Default and Election to Sell Under Deed of Trust dated

2  September 23, 2013 and recorded on September 24, 2013 in the Contra Costa County Recorder's

3  Office"; (4) "Notice of Trustee's Sale recorded on September 20, 2018 in the Contra Costa County

4  Recorder's Office"; (5)-(8) PACER document reports for actions involving Plaintiff in this Court

5  and U.S. Bankruptcy Court, Northern District of California (Oakland); (9) "First Amended

6  Chapter 13 Plan on behalf of [Plaintiff] filed . . . in U.S. Bankruptcy Court, Norther District of

7  California (Oakland)"; and (10) "Declaration of Debtor in Support of First Amended Application

8  to Modify Chapter 13 Plan, filed on behalf of [Plaintiff] . . . in the U.S. Bankruptcy Court,

9  Northern District of California (Oakland)". (Dkt. No. 29-1, Exs. 1-10.)

The Court has previously taken judicial notice of most of these documents in the related action, *see Greene*, 2018 WL 6832092, at *2-3, and all are appropriate for judicial notice pursuant to Rule 201(b) as undisputed matters of public record. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted). Accordingly, the Court grants judicial notice of the proffered exhibits.

**LEGAL STANDARD**

The standard for issuing a temporary restraining order ("TRO") is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "Under the original *Winter* standard, a party must show 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under the 'sliding scale' variant of the *Winter* standard, if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Id.* (internal quotation marks and citation omitted).

**DISCUSSION**

**A. The State Court TRO has Expired**

As a preliminary matter, the TRO issued by the state court prior to Defendants' removal has expired. The rule in these circumstances is that "[a]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439-40 (1974). Under Rule 65(b), a TRO "expires at the time after entry—*not to exceed 14 days*—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b) (emphasis added).

Here, the TRO was issued in state court on February 22, 2019. (Dkt. No. 1-2 at 123.) Defendants removed the action to this Court on February 27, 2019. (Dkt. No. 1.) Thus, under *Granny Goose* and Rule 65(b), the state court-ordered TRO expired on March 13, 2019.

**B. Plaintiff Fails to Meet his TRO Burden**

Plaintiff's instant TRO application fails to show either a likelihood of success on the merits of his claims or serious questions going to the merits.

Plaintiff has not met his burden of showing a likelihood of success, or even serious questions, going to the merits of his HBOR "dual-tracking" claim. Plaintiff bases all his claims on Defendants' proceeding with foreclosure despite Fay Servicing's acknowledged receipt of Plaintiff's "complete" loan modification application on December 28, 2018, (*see* Dkt. No. 1-2 at 30), and then going forward with the trustee's sale without having issued a written determination on the loan modification request, in violation of Cal. Civ. Code § 2924.11(a). While the complaint alleges that "Defendants have not issued a written determination of Plaintiff's complete loan modification application," (Dkt. No. 1-1 at ¶ 36), the record before the Court shows that allegation is not true. Defendants have submitted evidence that Fay Servicing issued a loan modification denial on January 7, 2019. (*See* Dkt. Nos. 29-12 ¶ 11; 29-14 at 1.) Defendants' state court filings prior to removal specifically alleged and attached the January 7, 2019 loan modification denial,

5

and such filings were attached to Defendants' Notice of Removal, (*see* Dkt. No. 1-2 at 117). Plaintiff's TRO application and supporting declarations do not address this evidence or directly dispute that his loan modification request was, in fact, denied in writing. Instead, Plaintiff's declaration in support of his TRO application includes as an exhibit only Fay Servicing's December 2018 letter acknowledging receipt of his complete application and makes no mention of the denial letter. (*See* Dkt. No. 24-1, Ex. A.) Thus, the undisputed *evidence* in the record is that Plaintiff's loan modification request was denied in writing in early January and Plaintiff did not appeal the denial; therefore, proceeding with the trustee's sale will not violate the HBOR, Cal. Civ. Code §§ 2924.11(a),(b).[4] In other words, not only does Plaintiff fail to show a likelihood of success or serious questions going to the merits of his HBOR claims based on Defendants' alleged failure to issue a written determination on his loan modification application, the record demonstrates that Fay Servicing *did* issue a written determination.

Plaintiff's claims under the RFDCPA are similarly deficient. Plaintiff alleges violations of the RFDCPA under California Civil Code § 1788.10(e) based on "Defendants' use of a Notice of Trustee Sale on Plaintiff's home, despite the prohibition on dual tracking, as well as alleged violations of 15 U.S.C. §§ 1692d, 1692e, 1692f.[5] (Dkt. No. 1-1 at ¶¶ 47-52.) Plaintiff's RFDCPA claims fail for the same reasons these exact violations failed in the related action. *See Greene*, 2018 WL 6832092, at *8-11 (dismissing with prejudice Plaintiff's RFDCPA claims asserting violations of Cal. Civ. Code § 1788.10(e) and 15 U.S.C. §§ 1692d, 1692e, 1692f, because the claims were unavailable as a matter of law). The Court incorporates by reference its analysis in the related action, and concludes that the neither the complaint in this action nor Plaintiff's TRO application counsel a different result.

Plaintiff likewise fails to show either a likelihood of success on the merits or serious

---

[4] The January 2019 denial letter states that Plaintiff had 30 days to appeal the denial (until February 7, 2019), (Dkt. No. 29-14 at 2), and there is no indication in the record that Plaintiff did so.

[5] Section 1788.17 of the RFDCPA provides, in pertinent part: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

questions going to the merits of his UCL claim. In the related action, the Court dismissed Plaintiff's UCL claim for failure to adequately allege "facts giving rise to a reasonable inference that Plaintiff's injury—impending foreclosure—was caused by [the defendants'] conduct." *See Greene*, 2018 WL 6832092, at *11-12. The Court noted that the record instead showed that "Plaintiff filed for bankruptcy and obtained a confirmed Chapter 13 Plan, defaulted on that Plan, and Wells Fargo initiated foreclosure proceedings *after* that default." *Id.* at *11. Plaintiff then amended his complaint and the Court subsequently dismissed the UCL claim in the first amended complaint for the same reason—Plaintiff failed to adequately allege causation. *See Greene*, 18-cv-06689-JSC (N.D. Cal. Mar. 25, 2019), Dkt. No. 36 at 14-16.

The same analysis applies here. Plaintiff provides no allegations giving rise to a reasonable inference that the impending foreclosure was caused by Defendants' conduct. In other words, there is nothing in the record that remotely suggests that Plaintiff's default of the Chapter 13 Plan was caused by Defendants. Indeed, the bankruptcy court filings refute that assertion and show that Plaintiff defaulted on the Plan due to financial hardship.[6] (Dkt. No. 29-11, Ex. 10 at 1); *see also Amer v. Wells Fargo Bank, N.A.*, No. 17-cv-03872-JCS, 2017 WL 4865564, at *12-13 (N.D. Cal. Oct. 27, 2017) (dismissing UCL claim for lack of standing where plaintiff failed to show causation by alleging no conduct by defendant "contributing to his initial default," but instead, "allege[d] that he defaulted on his loan because he began to experience financial hardship ... and began falling behind on [his] mortgage payments"); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (same).

Because Plaintiff's TRO application fails to show either a likelihood of success on the merits of any of his claims or serious questions going to their merits, his application fails.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's application for a temporary

---

[6] Plaintiff's Declaration of Debtor in Support of First Amended Application to Modify Chapter 13 Plan, filed in bankruptcy court in September 2018, states, in pertinent part: "The reason for the modification of the Chapter 13 plan is that my income has reduced. I have been on temporary disability since September 2017 and it is unknown when I will return to work." (Dkt. No. 29-11, Ex. 10 at 1.)

7

restraining order.

Plaintiff's motion to remand, (Dkt. No. 11), is rescheduled for hearing on April 18, 2019 at 2:00 p.m.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge