UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BATIESTE GREENE, JR.,

Plaintiff,

v.

FAY SERVICING, LLC, et al.,

Defendants.

Case No. 19-cv-01073-JSC

**THIRD ORDER TO SHOW CAUSE RE: CITIZENSHIP OF DEFENDANT FAY SERVICING, LLC**

The Court issued two previous orders to show cause seeking clarification regarding the citizenship of Defendant Fay Servicing, LLC ("Fay Servicing"). (Dkt. Nos. 36 & 39.) As the Court previously noted, the Ninth Circuit has held that for purposes of determining complete diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Fay Servicing's responses to the previous orders to show cause do not clarify its citizenship. Instead, the responses indicate that Fay Servicing's "sole member and owner" is itself an LLC (Fay Management, LLC), and *that* LLC's "sole member and owner" is *another* LLC—Fay Financial, LLC. (*See* Dkt. Nos. 37-1 at ¶ 3 & 40-1 at ¶ 3.) Fay Servicing asserts that Fay Financial, LLC consists of "more than thirty members," and information pertaining to those members is "non-public" and was unavailable to Fay Servicing's counsel "within the deadline set forth by the Court." (*See* Dkt. No. 40 at 2-3.)

Fay Servicing correctly "anticipates that the Court may" require further clarification pursuant to *Johnson*. (*See* Dkt. No. 40 at 2.) The Byzantine ownership and membership structure of Fay Servicing does not alleviate Fay Servicing's burden, as the removing party, to prove that there is diversity jurisdiction under 28 U.S.C. § 1332. Thus, Fay Servicing shall file a declaration clarifying its citizenship by April 19, 2019 at 12 p.m. The Court will take Plaintiff's motion to

remand under submission at that time.

      The hearing on the motion to remand scheduled for Thursday, April 18, 2019 is VACATED.

      **IT IS SO ORDERED.**

Dated: April 15, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge