UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BATIESTE GREENE, JR., <br> Plaintiff, <br> v. <br> FAY SERVICING, LLC, et al., <br> Defendants. | Case No. 19-cv-01073-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION TO REMAND** <br> Re: Dkt. No. 11 |

Plaintiff John Batieste Greene, Jr. sued Fay Servicing, LLC ("Fay Servicing"), U.S. Bank, National Association ("U.S. Bank"), and Affinia Default Services, LLC ("Affinia") (collectively, "Defendants") in the Superior Court of the State of California for the County of Contra Costa, alleging violations of California law arising out of foreclosure proceedings.[1] (Dkt. No. 1-1.)[2] Defendants timely removed the action to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), and alternatively, diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(b). (Dkt. No. 1.) Now pending before the Court is Plaintiff's motion to remand, (Dkt. No. 11). After careful consideration of the parties' briefing and Fay Servicing's responses to the Court's orders to show cause regarding diversity of citizenship, the Court GRANTS Plaintiff's motion to remand.

## BACKGROUND

**I.  Complaint Allegations and Judicially Noticeable Facts[3]**

The following background is taken from Plaintiff's complaint in the instant action and facts in the related action, also before this Court: *Greene v. Wells Fargo Bank, N.A.*, et al., 18-cv-

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5, 10, 12.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Pursuant to Federal Rule of Evidence 201(b), this Court previously noticed several adjudicative facts in this action and the related action. (*See* Dkt. No. 32 at 3-4); *see also Greene v. Wells Fargo Bank, N.A.*, et al., 18-cv-06689-JSC, 2018 WL 6832092, at *2-3 (N.D. Cal. Dec. 28, 2018).

06689-JSC. The gravamen of Plaintiff's complaint is that Defendants have improperly proceeded with foreclosure proceedings despite Plaintiff's submission of a loan modification application. Plaintiff has at all relevant times owned and resided at the subject property located at 1795 Meadows Avenue, Pittsburg, CA 94565. (Dkt. No. 1-1 at ¶ 11.) In November 2005, Plaintiff obtained a loan of $599,000 from World Savings Bank, secured by a deed of trust. *Greene*, 2018 WL 6832092, at *1. The loan was assigned to Wells Fargo in 2009 following a corporate merger. *Id.*

On September 23, 2013, the trustee recorded a Notice of Default against the subject property. *Id.* Plaintiff filed for bankruptcy thereafter and entered into a Chapter 13 Plan. *Id.* Plaintiff was unable to make payments under the Plan, and on August 1, 2018, the bankruptcy court granted Wells Fargo relief from automatic stay following Plaintiff's default. *Id.* On September 20, 2018, Wells Fargo recorded a Notice of Trustee's Sale, indicating that Plaintiff was in default under the Deed and a public auction would take place on October 22, 2018. *Id.* Wells Fargo subsequently postponed the trustee's sale until January 10, 2019.[4] *Id.* "Thereafter, Defendant U.S. Bank acquired the beneficial interest in the loan while Defendant Fay Servicing" became the servicer. (Dkt. No. 1-1 at ¶ 12.) Defendant Affinia remains the trustee. (*Id.*)

In December 2018, "Plaintiff submitted a complete loan modification" application to Fay Servicing. (*Id.* at ¶ 15.) Fay Servicing acknowledged receipt of Plaintiff's "complete" application by letter dated December 28, 2018. (*Id.* at ¶ 16.) The letter informed Plaintiff that Fay Servicing could not "conduct a foreclosure sale before evaluating" his complete application. (*Id.* at ¶ 17.) The complaint asserts that "Defendants have not issued a written determination of Plaintiff's complete loan modifittation application," and impermissibly scheduled a foreclosure sale despite failing to provide such written determination. (*Id.* at ¶¶ 36-38.)

//

---

[4] After becoming the servicer, Fay Servicing "instructed its trustee to postpone the sale while it was reviewing Plaintiff's loan modification application." (Dkt. No. 29-12 at ¶ 14.) The sale was then postponed from January 10, 2019 until February 11, 2019 "per lender/servicer request" and then again until February 25, 2019 for the same reason. (*Id.*) The sale was then postponed further and was scheduled to be held on March 28, 2019.

## II. Procedural History

Plaintiff filed his complaint in state court on January 24, 2019 seeking damages and injunctive relief for alleged violations of the California Homeowner Bill of Rights ("HBOR"), California Civil Code § 2924.11, the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), California Civil Code § 1788, and the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. (Dkt. No. 1-1.) Plaintiff then filed an ex parte application for a temporary restraining order on February 22, 2019, seeking to stop the foreclosure sale of the subject property scheduled for February 25, 2019. (Dkt. No. 25-2, Ex. B.) The state court granted Plaintiff's application by adopting his proposed order and set a hearing on Plaintiff's request for a preliminary injunction for March 27, 2019. (Dkt. No. 25-3, Ex. C.)

Defendants removed the action to federal court on February 27, 2019. (Dkt. No. 1.) Defendants then filed a motion to dismiss the complaint, (Dkt. No. 7), which is currently pending and scheduled for oral argument on May 23, 2019. Thereafter, on referral from Magistrate Judge Laurel Beeler, (Dkt. No. 20), this Court issued an order relating the case to *Greene v. Wells Fargo Bank, N.A., et al.*, 18-cv-06689-JSC, (Dkt. No. 21), and the case was reassigned to the undersigned on March 27, 2019. Plaintiff filed an application for a temporary restraining order on March 26, 2019, (Dkt. No. 23), which the Court denied, (Dkt. No. 32).

Plaintiff filed the instant motion to remand on March 7, 2019. The motion is fully briefed. (*See* Dkt. Nos. 19 & 34.)

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal brackets omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

(1987). A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants Fay Servicing and U.S. Bank removed this action on the grounds of both federal question jurisdiction and diversity jurisdiction, and Defendant Affinia joined in the removal. Plaintiff asserts that remand is warranted because neither federal question jurisdiction nor diversity jurisdiction exists on the face of the complaint.[5] After reviewing the parties' briefing on this motion, the Court issued three orders to show cause to Fay Servicing ordering it to clarify its citizenship to confirm that complete diversity of citizenship exists for purposes of diversity jurisdiction.[6] (*See* Dkt. Nos. 36, 39, 41.) Fay Servicing responded to the third order to show cause by stating that it "now vacates removal based upon diversity and proceeds solely on its removal for a federal question." (Dkt. No. 42 at 2.)

Thus, the only remaining basis for removal is federal question jurisdiction. The Court

---

[5] Plaintiff challenges only the amount in controversy requirement with regard to diversity jurisdiction. The parties' briefing does not address complete diversity of citizenship.

[6] Complete diversity means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It is undisputed that Plaintiff is citizen of California. Thus, for purposes of complete diversity, no Defendant can be a California citizen. Defendant Affinia is an LLC whose members are citizens of Georgia. *Greene*, 2019 WL 1331027, at *3 n.9 (N.D. Cal. Mar. 25, 2019). Defendant U.S. Bank is a national banking association whose "main office is located in Ohio." (Dkt. No. 1 at 5 (citing *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014) (concluding that under 28 U.S.C. § 1348, a national bank is a citizen "only of the state in which its main office is located.")).) As the Court noted in its third order to show cause, (Dkt. No. 41), the citizenship of Fay Servicing remains unclear because Fay Servicing's sole member and owner is itself an LLC (Fay Management, LLC), and *that* LLC's sole member and owner is *another* LLC—Fay Financial, LLC.

4

addresses that basis below and concludes that subject matter jurisdiction is lacking.

**I.     Federal Question Jurisdiction**

Federal question jurisdiction under Section 1331 requires a civil action to arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint." *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). Thus, "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (internal quotation marks and citation omitted) (alteration in original). A suit is based on federal law if "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28 (1983). Plaintiff argues that federal question jurisdiction is lacking because the complaint pleads only state law causes of action.[7] The Court agrees.

Plaintiff's complaint seeks damages and injunctive relief for violations of: (1) the California Homeowner Bill of Rights, California Civil Code § 2924.11; (2) the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA"), California Civil Code § 1788; and (3) the Unfair Competition Law, California Business and Professions Code § 17200. (Dkt. No. 1-1.)

Defendants' notice of removal asserts that federal jurisdiction exists because the second cause of action under the RFDCPA references violations of the Fair Debt Collections Practices

---

[7] Plaintiff's briefing on the instant motion contains statements that are neither helpful to the Court nor reflective of the decorum expected of litigants. (*See* Dkt. No. 11 at 10, 14, 16, 19 ("Defendants' statement to the contrary is the result of either ignorance or bad faith"; "Defendant [sic] blatantly ignores the express of the language [sic] of the complaint as it relates to Plaintiff's request for legal remedies"; "Defendant [sic] seems to fetishize Plaintiff's use of 'permanent injunction'"; "Defendant's [sic] argument relies on an absolutely untenable premise"; and "This claim is ridiculous and contrived by [sic] the case law."); *see also* Dkt. No. 34 at 3, 5, 7, ("Defendants blatantly ignores [sic] the painfully plain language of the [RFDCPA]"; "This is not the Law, and Defendants' statement to the contrary is brazenly based in bad faith"; "Defendants' faith appears to be lacking in goodness"; "Defendants' modus operandi is to break the rules and litigate in accordance to their whims, desires, and tastes"; "This is an absolute misrepresentation of the law, and it is a blatant abuse of the removal process"; and "Defendants abuse the trust and faith of this Court as well as that of the American People when they remove without a reasonable basis to do so as they have done here.").)

Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, and 1692f. Defendants are correct that the complaint references provisions of the FDCPA; however, it does so only in the context of its state law claim under the RFDCPA because Section 1788.17 specifically incorporates those FDCPA provisions into California law. (*See* Dkt. No. 1-1 at ¶¶ 42-56 (stating claim under Cal. Civ. Code § 1788.17 and referencing FDCPA provisions incorporated by § 1788.17).). The RFDCPA provides, in pertinent part:

> "[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17; *see also Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (noting that "[t]he Rosenthal Act mimics or incorporates by reference the FDCPA's requirements, including those described above, and makes available the FDCPA's remedies for violations.") (citing Cal. Civ. Code § 1788.17). Courts in the Ninth Circuit have rejected the argument that mere reference to the FDCPA in the context of an RFDCPA claim confers federal question jurisdiction. *See Ghalehtak v. Fay Serv. LLC*, No. 18-cv-02306-PJH, 2018 WL 2553570, at *2 (N.D. Cal. June 4, 2018) (collecting cases); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674-75 (9th Cir. 2012) (finding action was not removable on federal question grounds where complaint referenced violations of the FDCPA only in the context of its claim under Nevada's Deceptive Trade Practices Act). The district court caselaw on this issue is on point and persuasive, especially given that the "removal statute is strictly construed against removal jurisdiction." *See Placer Dome, Inc.*, 582 F.3d at 1087.

Accordingly, federal question jurisdiction does not exist and thus subject matter jurisdiction is lacking.

## II. Request for Attorneys' Fees

District courts have discretion following issuance of an order remanding a removed case to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (noting that "an award of fees under § 1447(c) is left to the district

court's discretion"). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Plaintiff seeks an award of attorneys' fees, arguing that Defendants' removal was objectively unreasonable for two reasons: (1) "the law is abundantly clear that the RFDCPA is not a [f]ederal [q]uestion"; and (2) the amount in controversy requirement was not met for diversity jurisdiction. (Dkt. No. 11.) The Court disagrees and concludes that Defendants' initial removal on the basis of diversity jurisdiction was not objectively unreasonable.

First, the Court rejected Plaintiff's identical "amount in controversy" argument in the related action and concluded that subject matter jurisdiction exists in that case based on the complete diversity of the parties and an amount in controversy that exceeds $75,000. *See Greene*, 2019 WL 1331027, at *3-5. Plaintiff's amount-in-controversy argument is the only argument asserted in his motion to remand as to diversity jurisdiction. (*See generally* Dkt. No. 11.)

Second, while Fay Servicing apparently cannot prove that it is diverse from Plaintiff, the issue arose only when raised by the Court: both Plaintiff and Defendants were apparently unaware of the citizenship rules for a limited liability company ("LLC"). Defendants' notice of removal asserted that Fay Servicing is an LLC organized in Delaware, with its principal place of business in Illinois. (Dkt. No. 1 at 5.) Those facts would establish diversity if Fay Servicing were a corporation; however, because Fay Servicing is an LLC, the crucial inquiry is the citizenship of its owners and members. *See Johnson*, 437 F.3d at 899. Of course, Fay Servicing is now on notice of the appropriate test and thus when removing any future cases must be able in good faith to allege that its owners and members are diverse from the plaintiff. But the Court does not fault Fay Servicing for not properly alleging citizenship upon removal in this case given that Plaintiff was not aware of the issue either.

7

Because Defendants did not lack an objectively reasonable basis for removal on diversity jurisdiction grounds, the Court denies Plaintiff's request for attorneys' fees.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand because this case does not arise under federal law and the Court thus lacks subject matter jurisdiction under 28 U.S.C. § 1331. Accordingly, the Court REMANDS this case to Contra Costa County Superior Court. The Court DENIES as moot Defendants' motion to dismiss, (Dkt. No. 7), and vacates the hearing on that motion currently scheduled for May 23, 2019.

This Order disposes of Docket Nos. 7 and 11. Upon remand, the Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: April 22, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge